JOHN MORE *et al.*

*v.*

MATILDA MORE.

*Opinion filed June 19, 1901.*

APPEALS AND ERRORS—*when appeal in will case lies to Supreme Court.* If a will disposes of the fee of the testator's real estate, an appeal from an order of the circuit court refusing probate and dismissing the petition lies to the Supreme Court upon the ground that a freehold is involved.

*More* v. *More,* 92 Ill. App. 465, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

O. E. HARRIS, and E. B. Mitchell, for appellants:

Where a will devises real estate as it would not descend under the statute, a freehold is involved. *Bice* v. *Hall,* 21 Ill. App. 298; *Moyer* v. *Swygart,* id. 497; *Newberry* v. *Blatchford,* 106 id. 584.

The statute requires a party producing a will for admission to probate in the county court to prove nothing but its formal execution, and that the testator was of sound mind and memory at the time it was executed. *Yoe* v. *McCord*, 74 Ill. 33.

It is incumbent upon those who claim under a will to prove not only its due execution, but that the testator was of sound and disposing mind. *Comstock* v. *Hadlyme Ecclesiastical Society*, 8 Conn. 254.

The burden of proof of the sanity of a testator is on the proponents of a will. *Carpenter* v. *Calvert*, 83 Ill. 62; *Trish* v. *Newell*, 62 id. 196; *Hesterberg* v. *Clark*, 166 id. 241; *Pendlay* v. *Eaton*, 130 id. 69; *Crowninshield* v. *Crowninshield*, 2 Gray, 527; *Entwistle* v. *Meikle*, 180 Ill. 9; *Aikin* v. *Weckerly*, 19 Mich. 482; *McGinnis* v. *Kempsey*, 27 id. 363; *McMechen* v. *McMechen*, 17 W. Va. 683.

JOHN FULLER, for appellee:

In the matter of probate of a will, where an appeal is taken the proper course is from the county court to the circuit court, from the circuit court to the Appellate Court, and from the Appellate Court to the Supreme Court. *Hobart* v. *Hobart*, 154 Ill. 610.

It is not indispensable that witnesses to a will should subscribe any formal clause of attestation. 1 Redfield on Wills, (4th ed.) 232; *Robinson* v. *Brewster*, 140 Ill. 649.

The attestation clause may consist of a single word, as "witnesses" or "attest." 1 Redfield on Wills, (4th ed.) 232; *Robinson* v. *Brewster*, 140 Ill. 649.

Where the witnesses to a will are dead, secondary evidence may be used to prove the due attestation and execution of the will. The attestation is then to be shown as it would in cases of deeds, by proof of the handwriting of the witnesses; and it is to be presumed that the deceased witnesses have duly attested the will in the presence of the testator. *Hobart* v. *Hobart*, 154 Ill. 614; Hurd's Stat. 1899, sec. 6, p. 1747.

Per CURIAM: George More, of DeWitt county, died on or about the 27th day of September, 1898, and soon thereafter, on the petition of his widow, his will was admitted to probate by the county court of that county. Certain heirs of the deceased appealed to the circuit court, where, after a hearing before that court, an order was entered refusing probate and dismissing the petition. On appeal by the proponent, taken to the Appellate Court for the Second District, the order of the circuit court was reversed and the cause was remanded, with directions to enter an order admitting the will to probate and record as the last will and testament of said George More, deceased, and granting letters testamentary to the petitioner, as prayed. From the judgment of the Appellate Court the contestants have taken this appeal.

A motion was made by contestants in the Appellate Court to dismiss the appeal to that court on the ground that a freehold was involved and that the appeal should have been taken from the circuit court directly to this court. The will by its terms disposed of the real estate of the testator, devising it in fee, and we are of the opinion that a freehold was involved and that the Appellate Court had no jurisdiction, but that the appeal should have been taken from the circuit court directly to this court. (*Gould* v. *Theological Seminary*, 189 Ill. 282.) It follows that the Appellate Court erred in not dismissing the appeal to that court, and we cannot do otherwise than reverse its judgment.

The judgment of the Appellate Court will therefore be reversed and the cause remanded to that court, with directions to dismiss the appeal. Leave will be given to withdraw record, abstracts and briefs.

*Reversed and remanded, with directions.*