## Adolph Scott Gorden, Appellant, v. Thomas J. Gorden and John M. Gorden, Appellees.

1. APPEAL AND ERROR, § 123*—*when freehold involved.* When a will disposes of the fee of the testator's real estate, an appeal from an order of the Circuit Court refusing probate and dismissing the petition lies to the Supreme Court upon the ground that a freehold is involved.

2. WILLS, § 146*—*when order admitting will to probate set aside.* Where a certain will disposing of the testator's real estate was probated without notice to a certain party claiming to be the testator's only son and heir, *held,* on petition by such party to set aside such probate, that if petitioner was the son of the testator the order admitting the will to probate must be set aside for want of jurisdiction in the court that entered the order.

3. APPEAL AND ERROR, § 123*—*when freehold involved.* A petition by one claiming to be the only son and heir of a testator to set aside the probate of the testator's will disposing of the testator's real estate involves a freehold, and the Appellate Court is without jurisdiction to review an order dismissing such petition.

Appeal from the Circuit Court of Christian county; the Hon. WIL-LIAM B. WRIGHT, Judge, presiding. Heard in this court at the April term, 1917. Transferred to Supreme Court. Opinion filed May 1, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. B. McBRIDE, FRUMBERG & RUSSELL and BROWN-RIGG & MASON, for appellant.

J. E. HOGAN, S. S. CLAPPER and GEORGE T. WALLACE, for appellees.

PER CURIAM. This is an appeal by Adolph Scott Gorden from a judgment of the Circuit Court of Christian county denying and dismissing a petition filed by him to set aside the probate of the will of Randall R. Gorden, deceased. The case was heard by the Circuit Court on appeal by the petitioner from an order of the County Court of Christian county denying his petition. The appellees have made a motion to transfer the cause to the Supreme Court on the ground that a freehold is involved and therefore this court has no jurisdiction.

The petition alleges, among other grounds for setting aside the probate of the will of Randall R. Gorden, that the petitioner is the only son and heir of Randall R. Gorden and that he received no notice of the probate of the will. The answer filed on behalf of the executors admits that no notice was given to the petitioner and denies that the petitioner is a son of the deceased testator. The will devises certain real estate in fee to Thomas J. Gorden, a brother of the testator, and certain other real estate in fee to John M. Gorden, another brother.

When a will disposes of the fee of the testator's real estate, an appeal from an order of the Circuit Court refusing probate and dismissing the petition lies to the Supreme Court upon the ground that a freehold is involved. *More v. More,* 191 Ill. 97; *Senn v. Gruendling,* 218 Ill 458. Section 21 of chapter 148 of the Statute (J. & A. ¶ 11563) requires that a petition for the probate of a will shall be verified and shall state the names of all the heirs at law and legatees with the place of residence of each, when known, and when unknown the

petition shall so state, and that the clerk shall mail notice to the parties where residence is known not less than twenty days prior to the hearing on the petition, and in certain cases the notice shall be published.

In *Mosser v. Flake,* 258 Ill. 233, it was held that if a party entitled to notice of a proceeding to probate a will receives no notice and does not appear or waive notice, the court is without jurisdiction to enter an order admitting the will to probate, and such order will be set aside and declared of no effect when the want of jurisdiction is called to the attention of the court. In that case a will disposing of real estate had been admitted to probate without notice to a legatee named in the will, whose interest was revoked by a codicil. Subsequently one of the executors filed a petition in the County Court to set aside the order admitting the instrument to probate on the ground that no notice of the proceeding for probate had been given to such legatee, and the legatee had neither appeared nor waived notice. The County Court denied the petition. On appeal to the Circuit Court the petition was again denied. The cause was then appealed to the Supreme Court, which held that the County and Circuit Courts erred in not vacating the order admitting the instrument to probate since they were without jurisdiction because the statutory notice had not been given.

If petitioner is a son of the said Randall R. Gorden, then the order admitting the alleged will to probate must be set aside for want of jurisdiction in the court that entered the order, and the order of probate being vacated affects the title to the real estate devised to appellees. A freehold is involved and this court is without jurisdiction in the matter and the cause is transferred to the Supreme Court.

*Transferred to Supreme Court.*